J-S48004-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee, | : | |
| | : | |
| v. | : | |
| | : | |
| BOBBI JO ROGERS, | : | |
| | : | |
| Appellant | : | No. 2116 MDA 2013 |

Appeal from the Judgment of Sentence November 14, 2013,
Court of Common Pleas, Luzerne County,
Criminal Division at No(s): CP-40-CR-0003344-2011
and CP-40-CR-0003532-2011

BEFORE:  DONOHUE, JENKINS and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED AUGUST 01, 2014**

Bobbi Jo Rogers ("Rogers") appeals from the judgment of sentence entered on November 14, 2013 by the Court of Common Pleas of Luzerne County, Criminal Division, following her negotiated guilty plea to two counts of criminal conspiracy to commit the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance.[1]  Rogers's appellate counsel ("Counsel") seeks to withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S. Ct. 1396 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).  Upon review, we grant Counsel's petition and affirm Rogers's judgment of sentence.

Because Rogers challenges only the discretionary aspects of her sentence, a recitation of the facts underlying her convictions is not

---

[1]  35 P.S. 780-113(a)(3); 18 P.S. § 903(c).

*Retired Senior Judge assigned to the Superior Court.

necessary. The relevant procedural history is as follows. On April 1, 2013, Rogers entered a negotiated, counseled plea agreement in which she pled guilty to two counts of the above-referenced crime. Following her guilty plea, the trial court ordered a pre-sentence investigation. On November 14, 2013, following several continuances at Rogers's request, the trial court sentenced Rogers to two sentences of 36 to 72 months of incarceration in a state correctional facility, to run concurrent with one another. Rogers did not file post-sentence motions.

On November 22, 2013, Rogers filed a notice of appeal. On November 25, 2013, the trial court issued an order directing Rogers to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On December 12, 2013, Rogers timely filed her Rule 1925(b) statement. On appeal, Counsel has filed a petition to withdraw and brief pursuant to *Anders* and *Santiago*.

There are particular mandates that counsel seeking to withdraw pursuant to *Anders* must follow. These mandates and the significant protection they provide to an *Anders* appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel

- 2 -

finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of *Anders,* this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf).

*Id.* (citations omitted).

Moreover, there are requirements as to precisely what an *Anders* brief must contain:

[T]he Anders brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. When faced with a purported *Anders* brief, we may not review the merits of the underlying issues without first deciding whether counsel has properly requested permission to withdraw.

- 3 -

*Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted).  If counsel has met these obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 354 n.5.

We conclude that Counsel has complied with the requirements outlined above.  Counsel has filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous.  Petition for Leave to Withdraw as Counsel, 5/19/14, at ¶ 3.  Counsel has filed a brief setting forth one issue that he believes might arguably support an appeal. *See Anders* Brief at 1, 6.  In conformance with *Santiago*, Counsel's brief includes summaries of the facts and procedural history of the case and discusses the only issue he believes might support Rogers's appeal. *See id.* at 4, 6.  Counsel's brief sets forth his conclusion that the appeal is frivolous and includes citation to relevant authority. *See id.* at 6.  Finally, Counsel has attached to his petition the letter that he sent to Rogers, which enclosed Counsel's petition and *Anders* brief and advised Rogers of her right to proceed *pro se* or with private counsel and to raise any additional issues that she deems worthy of this Court's consideration.

The lone issue presented by Counsel in the *Anders* brief is "whether the trial court abused its discretion in sentencing [Rogers]." *Anders* Brief at

1, 6. Our standard of review when considering discretionary aspects of sentencing claims is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (internal quotations and citations omitted).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004). "Two requirements must be met before we will review this challenge on its merits." *Id.* "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." *Id.* "Second, the appellant must show that there is a

- 5 -

substantial question that the sentence imposed is not appropriate under the Sentencing Code." ***Id.*** A substantial question exists when, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005). Importantly, "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Shugars***, 895 A.2d 1270, 1273-74 (Pa. Super. 2006) (citation and quotations omitted).

We conclude that Rogers has waived her discretionary aspects of sentence claim. Our review of the certified record reveals that Rogers never filed a post-sentence motion challenging the discretionary aspects of her sentence. Additionally, the transcript of the sentencing proceedings reveals that Rogers did not challenge the discretionary aspects of her sentence during sentencing. ***See*** N.T., 11/14/13, at 2-7. Thus, Rogers has waived her discretionary aspects of sentence claim. ***See Shugars***, 895 A.2d at 1273-74. Therefore, we agree with Counsel that the sole issue Rogers raises on appeal is frivolous.

Finally, after conducting our own independent review of the record, we conclude that there are no issues of merit and agree with Counsel's

assessment that Rogers's direct appeal is frivolous. Accordingly, we find this appeal wholly frivolous and permit Counsel to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/2014