J-S74025-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JORGE LUIS SANTIAGO, | : | |
| | : | |
| Appellant | : | No. 762 EDA 2014 |

Appeal from the Judgment of Sentence November 20, 2012,
Court of Common Pleas, Lehigh County,
Criminal Division at No. CP-39-CR-0002650-2012

BEFORE:  BENDER, P.J.E, DONOHUE and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED DECEMBER 22, 2014**

Appellant, Jorge Luis Santiago ("Santiago"), appeals from the judgment of sentence entered on November 20, 2012 by the Court of Common Pleas of Luzerne County, Criminal Division, following his negotiated guilty plea to persons not to possess, use, manufacture, control, sell or transfer firearms[1] and resisting arrest.[2]  Santiago's appellate counsel ("Counsel") seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).  Upon review, we grant Counsel's petition to withdraw and affirm Santiago's judgment of sentence.

---

[1]  18 Pa.C.S.A. § 6105(a)(1).

[2]  18 Pa.C.S.A. § 5104.

*Retired Senior Judge assigned to the Superior Court.

The trial court summarized the facts and procedural history of this case as follows:

> On June 6, 2012, Allentown Police Officers were attempting to find a wanted individual at 117 South 4th Street, Allentown, Lehigh County, Pennsylvania. They encountered a group of people, including [Santiago], who were standing near an automobile playing loud music. Officers observed [Santiago] walking away from the group and removing a Kel Tec .380 caliber handgun from his jacket. He placed it behind a tree and walked away. Officers recovered the gun and inspected it. They determined it was both loaded and stolen.
>
> Officers approached [Santiago] to place him under arrest. At the time of his arrest, he resisted the police by pulling away, twisting his body, and pushing Allentown Police Officer Michael Mancini, which caused cuts and scratches to his arm. [Santiago] was arrested and admitted having the gun. Officer Mancini suffered from scrapes and bruises, but was not hospitalized as a result of this incident.
>
> Appellant was charged with [p]ersons [n]ot to [p]ossess a [f]irearm, [r]eceiving [s]tolen [p]roperty, [f]irearms [n]ot to be [c]arried [w]ithout a [l]icense, and [r]esisting [a]rrest.
>
> On October 19, 2012, [Santiago] entered a [g]uilty [p]lea to [p]ersons not to [p]ossess a [f]irearm, a [f]elony of the [s]econd [d]egree, and [r]esisting [a]rrest, graded as a [m]isdemeanor of the [s]econd [d]egree. In exchange for his plea, the other two charges were dropped by the Commonwealth.
>
> When he was interviewed in preparation of a [p]resentence [i]nvestigation [r]eport, [Santiago] told the investigator that he bought the gun approximately two weeks prior from "some crack head" for $150.00. He indicated he purchased it for

protection due to the unsafe nature of the streets in the City of Allentown. He acknowledged resisting arrest, explaining that the officers "kept telling me I had a warrant, but in all reality, I didn't have a warrant."

[Santiago] was nineteen[-]years[-]old at the time of this offense and had no exposure to the adult system. However, he had a prior record score of [five] stemming from juvenile felony adjudications. Accordingly, the standard range on the firearms charge was [sixty] to [seventy-two] months, plus or minus twelve, with a prior record score of [five] and an offense gravity score of [ten]. The standard range on the resisting charge with a prior record score of [five] and an offense gravity score of [two] was one to nine months.

On November 20, 2012, [Santiago] was sentenced to not less than [fifty-four] months nor more than [ten] years [of] imprisonment in a state correctional facility on [p]ersons not to [p]ossess a [f]irearm, and not less than [six] months nor more than [twenty-four] months on [r]esisting [a]rrest, running concurrently with the [c]ount 1 sentence. [Santiago] did not file any post-sentence motions or appeal.

On March 25, 2013, [Santiago] filed a pro se [m]otion [pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.] The Lehigh County Office of the Public Defender was appointed to represent [Santiago] on March 26, 2013, at which time counsel was given sixty days to file an [a]mended PCRA [p]etition. Kathryn R. Smith, Esq. of the Public Defender's Office was assigned to [Santiago]'s case. Attorney Smith requested an extension of time to file her [a]mended PCRA [p]etition, which was granted on May 21, 2013. Counsel filed the amended petition on July 25, 2013.

An evidentiary hearing was held before this [c]ourt on September 13, 2013. At that time, [Santiago] narrowed his claims under the PCRA to only address

- 3 -

his post-sentence motion and appellate rights, withdrawing all other allegations of ineffective assistance and constitutional violations. Both counsel offered arguments on the issues raised and presented the testimony from [Santiago] and Gregory R. Noonan, Esquire, [Santiago]'s trial counsel. The [n]otes of [t]estimony were ordered at the conclusion of that hearing and counsel were given ten days following the filing of the [n]otes of [t]estimony to submit any supplemental briefs or memoranda of law.

On December 5, 2013, this [c]ourt entered an [o]rder and an accompanying [m]emorandum [o]pinion denying [Santiago]'s PCRA and finding that [Santiago] failed to demonstrate prejudice in support of his requested relief.

On December 16, 2013, [Santiago], by and through his counsel, filed a [m]otion for [r]econsideration. On December 23, 2013, the [c]ourt entered an order vacating the PCRA decision so as to prevent the appellate period from running.

On January 21, 2014, the [c]ourt conducted an oral argument on the reconsideration motion. Based on case law presented by [Santiago], ***Commonwealth v. Liston***, 977 A.2d 1089 (Pa. 2009), the [c]ourt granted [Santiago]'s [m]otion for [r]econsideration and reinstated his post[-]sentence motion and appellate rights nunc pro tunc.

On February 3, 2014, [Santiago] filed a [m]otion to [m]odify [s]entence. That motion was denied on February 4, 2014. [Santiago] then filed a timely notice of appeal. On March 18, 2014, [Santiago] filed a [c]oncise [s]tatement of [m]atters [c]omplained of on [a]ppeal pursuant to Pa.R.A.P. 1925(b).

Trial Court Opinion, 3/25/14, at 1-4 (footnotes omitted).

On appeal, Counsel has filed a petition to withdraw and brief pursuant to **Anders** and **Santiago**. There are particular mandates that counsel seeking to withdraw pursuant to **Anders** must follow. These mandates and the significant protection they provide to an **Anders** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders,** this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).

**Id.** (citations omitted).

Moreover, there are requirements as to precisely what an **Anders** brief must contain:

> [T]he Anders brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. When faced with a purported *Anders* brief, we may not review the merits of the underlying issues without first deciding whether counsel has properly requested permission to withdraw. *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). If counsel has met these obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 354 n.5.

We conclude that Counsel has complied with the requirements outlined above. Counsel has filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. Petition to Withdraw as Counsel, 7/16/14, ¶¶ 3-4. Counsel has filed a brief setting forth one issue that he believes might arguably support an appeal. *See Anders* Brief at 7, 11-14. In conformance with *Santiago*, Counsel's brief includes summaries of the facts and procedural history of the case and

discusses the only issue he believes might support Santiago's appeal. *See id.* at 8, 11-14. Counsel's brief sets forth his conclusion that the appeal is frivolous and includes citation to relevant authority. *See id.* at 11-15. Finally, Counsel has attached to his petition the letter that he sent to Santiago, which enclosed Counsel's petition and *Anders* brief and advised Santiago of his right to proceed pro se or with private counsel and to raise any additional issues that he deems worthy of this Court's consideration. Petition to Withdraw as Counsel, 7/16/14, Appendix A.

The lone issue presented by Counsel in the *Anders* brief is "whether the lower court abused its discretion by imposing a sentence which was manifestly unreasonable in that the court failed to take into consideration the age and rehabilitative needs of the defendant in fashioning the sentence?" *Anders* Brief at 7. Our standard of review when considering discretionary aspects of sentencing claims is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great

weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (internal quotations and citations omitted).

This Court does not review such issues as a matter of right. "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). The appellant must satisfy all of the following:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), *appeal denied,* 86 A.3d 231 (Pa. 2014). A substantial question exists when, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005).

Santiago argues that the sentencing court did not take into consideration his age and rehabilitative needs when sentencing him. *See*

Santiago's Brief at 11-14. A claim that a sentencing court failed to consider the rehabilitative needs of the defendant does not present a substantial question for our review. *See **Commonwealth v. Griffin***, 65 A.3d 932, 936-37 (Pa. Super. 2013) (holding that the appellant's allegation that the sentencing court failed to take into account his rehabilitative needs entitled him to no relief), *appeal denied*, 76 A.3d 538 (Pa. 2013). Likewise, a claim that a sentencing court failed to take into consideration the age of the defendant does not raise a substantial question. *See **Commonwealth v. Cannon***, 954 A.2d 1222, 1228-29 (Pa. Super. 2008) (finding that a claim that the trial court did not consider the defendant's age, rehabilitative needs, and educational background did not present a substantial question). Because Santiago has not raised a substantial question, his discretionary aspects of sentence claim must fail.

Even if we were to determine that Santiago's claim did raise a substantial question, we find no merit to the underlying allegation. Santiago contends that the trial court abused its discretion in sentencing him because it failed to consider his age and rehabilitative needs. Santiago's Brief at 11-14. Here, however, the record reflects that the trial court in fact considered his age and rehabilitative needs.

> … I'm going to shave a little bit off. It will be a mitigated range but not by much. I'm doing it because you're relatively young. You have accumulated a horrendous record by the age of [nineteen]. And I would hope that you'll take the

time while in State Prison to reflect upon what has brought you to that point and try to remember what your father's example did for you, and how you're creating the same example for your own children. You'll try not to duplicate that if you have any sense at all.

N.T., 11/20/12, at 13. Therefore, because the trial court took into consideration each of these factors, Santiago's argument that the sentencing court did not contemplate his age and rehabilitative needs is frivolous. Moreover, we note that the trial court sentenced Santiago in the mitigated range of the sentencing guidelines, providing further support for the trial court's representation that it included both his age and rehabilitative needs in its sentencing decision. Accordingly, we conclude that the trial court did not abuse its discretion in sentencing Santiago.

Finally, after conducting our own independent review of the record, we conclude that there are no issues of merit and agree with Counsel's assessment that Santiago's direct appeal is frivolous. Accordingly, we find this appeal wholly frivolous and permit Counsel to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2014

- 10 -