J-A15022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANTHONY CHARLES GUTIERREZ :
:
Appellant : No. 1711 MDA 2017

Appeal from the Judgment of Sentence October 6, 2017
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001007-2017

BEFORE:  PANELLA, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED JULY 12, 2018**

Anthony Charles Gutierrez (Appellant) appeals from the judgment of sentence imposed following the entry of his negotiated guilty plea to possession with intent to manufacture or deliver a controlled substance.[1] Appellant's appellate counsel ("Counsel") seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).  Upon review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The pertinent facts and procedural history of this case are as follows. On August 22, 2017, Appellant pled guilty to one count of possession with intent to manufacture or deliver a controlled substance pursuant to a

---

[1] 35 P.S. 780-113(a)(30).

negotiated plea agreement. The plea agreement, however, was open with respect to Appellant's sentence. On October 6, 2017, the trial court sentenced Appellant to 24 to 48 months of incarceration. The court ordered this sentence to run consecutively to a sentence Appellant was already serving in an unrelated matter.

Appellant did not file any post-sentence motions. Rather, on October 31, 2017, Appellant timely appealed to this Court. On November 2, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On November 21, 2017, Counsel filed a statement of intent to file an **Anders** brief. **See** Pa.R.A.P. 1925(c)(4). On April 6, 2018, Counsel petitioned for leave to withdraw with this Court.

There are particular mandates that counsel seeking to withdraw pursuant to **Anders** must follow. These mandates and the significant protection they provide to an **Anders** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders,* this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf).

*Id.* (citations omitted).

Additionally, there are requirements as to precisely what an *Anders* brief must contain:

> [T]he Anders brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. When faced with a purported *Anders* brief, we may not review the merits of the underlying issues without first deciding whether counsel has properly requested permission to withdraw. *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). If counsel has met these obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 354 n.5.

Instantly, we conclude that Counsel has complied with the requirements outlined above. Counsel has filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. Petition for Leave to Withdraw as Counsel, 4/6/18, at ¶ 2. In conformance with **Santiago**, Counsel's brief includes summaries of the facts and procedural history of the case and discusses the only issue he believes might arguably support Appellant's appeal. **See Anders** Brief at 2-8. Counsel's brief sets forth his conclusion that the appeal is frivolous and includes citation to relevant authority. **See id.** at 5-8. Finally, Counsel has attached to his petition to withdraw the letter that he sent to Appellant, which enclosed Counsel's petition and **Anders** brief and advised Appellant of his right to proceed *pro se* or with private counsel and to raise any additional issues that he deems worthy of this Court's consideration.

The lone issue presented by Counsel in the **Anders** brief is "whether the imposition of a 24 month to 48 month sentence in a state correctional institution is harsh and excessive when [Appellant] took responsibility by pleading guilty." **Anders** Brief at 2. This issue challenges the discretionary aspects of Appellant's sentence. Our standard of review when considering discretionary aspects of sentencing claims is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an

abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

***Commonwealth v. Cook***, 941 A.2d 7, 11-12 (Pa. Super. 2007) (internal quotations and citations omitted).

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014), ***appeal denied***, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." ***Id.*** We conduct this four-part test to determine whether:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), ***appeal denied***, 86 A.3d 231 (Pa. 2014). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Dodge***,

77 A.3d 1263, 1268 (Pa. Super. 2013) (quotations and citations omitted), *appeal denied*, 91 A.3d 161 (Pa. 2014).

Importantly, "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Shugars***, 895 A.2d 1270, 1273-74 (Pa. Super. 2006) (citation and quotations omitted).

Appellant has waived his discretionary aspects of sentencing claim. Our review of the certified record reveals that Appellant never filed a post-sentence motion challenging the discretionary aspects of his sentence. Additionally, the transcript of the sentencing proceedings reveals that Appellant did not challenge the discretionary aspects of his sentence during sentencing. ***See*** N.T., 10/6/17, at 1-5. Thus, Appellant has waived his discretionary aspects of sentencing claim. ***See Shugars***, 895 A.2d at 1273-1274. Counsel is correct that raising this issue on appeal would be frivolous.

Moreover, even if Appellant had properly preserved his discretionary aspects of sentencing claim for appellate review, we would conclude that the claim is frivolous. Section 9721(b) of the Sentencing Code sets forth general sentencing standards for trial courts and provides, in pertinent part:

> **(b) General standards.—**. . . the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of

- 6 -

the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b).

The trial court did not abuse its discretion in sentencing Appellant. The record reflects that Appellant received a sentence in the standard guideline range. N.T., 10/6/17, at 1-5. Additionally, the trial court had a presentence investigation report and acknowledged reviewing it. *Id.* "[W]here the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive." *Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa. Super. 2011). "In those circumstances, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Id.* (quotations and citations omitted). Therefore, there is no support for Appellant's claim that his sentence was excessive. Accordingly, we agree with Counsel that Appellant's discretionary aspects of sentencing claim is frivolous.

Finally, after conducting our own independent review of the record, we have determined that there are no issues of merit and agree with Counsel's assessment that Appellant's direct appeal is frivolous. We thus find this appeal wholly frivolous and permit Counsel to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/18