J-S18016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KYLE MICHAEL HOPPES | : | |
| | : | |
| Appellant | : | No. 1809 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 15, 2017
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0001972-2016

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED JUNE 18, 2019**

Appellant Kyle Michael Hoppes appeals from the judgment of sentence imposed after a jury convicted him of receiving stolen property, firearms not to be carried without a license, possession of drug paraphernalia, and two counts each of possession of a controlled substance and possession of a firearm with altered manufacturer's number.[1]  Appellant's counsel has filed a petition to withdraw and an ***Anders***/***Santiago*** brief.[2]  We affirm and grant counsel's petition to withdraw.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3925(a); 6106(a)(1); 35 P.S. § 780-113(a)(32); (a)(16); and 18 Pa.C.S. § 6110.2(a), respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

The trial court summarized the underlying procedural history of this matter as follows:

Following a jury trial on April 10, 2017, [Appellant] was found guilty of [the foregoing offenses]. Two days prior to the sentencing hearing, [Appellant] filed a *pro se* motion to terminate continued representation by his trial counsel, Andrew Zelonis, Esquire [(Attorney Zelonis)], and to receive appointed counsel. The court directed that the issue would be heard immediately preceding the sentencing hearing.

At the time of the hearing, [Appellant's] motion to terminate his trial counsel's representation was granted and the sentencing hearing was continued to allow [Appellant] time to obtain private counsel or apply for counsel from the Schuylkill County Public Defender's Office. Attorney Michael Stine[, Esquire (Attorney Stine)] of the Schuylkill County Public Defender's Office subsequently undertook [Appellant's] representation.

At the sentencing hearing on June 15, 2017, at which Attorney Stine represented [Appellant], the court directed, *inter alia*, that [Appellant] serve an aggregate forty-eight months to ninety-six months term of incarceration followed by three years[] probation.[] No direct appeal followed.

On May 22, 2018, [Appellant] filed a motion for post-conviction collateral relief [under the Post Conviction Relief Act[3] (PCRA)] in which he complained about the representation he had received from both Attorneys Zelonis and Stine. Attorney Robert Reedy[, Esquire (Attorney Reedy)] was appointed to represent [Appellant] in the [PCRA] proceedings and he was given the opportunity to file any desired counseled amendments to [Appellant]'s *pro se* filing. Attorney Reedy filed an amended motion for [Appellant] on July 12, 2018 and a hearing was held before the court on August 3, 2018.

Essentially, [Appellant] claimed that Attorney Zelonis had been ineffective in not pursuing a pre-trial challenge to a vehicle search which ultimately led police to discover evidence of crime and by

_____

[3] 42 Pa.C.S. §§ 9541-9546.

withdrawing a suppression motion he had filed for [Appellant].[4] Additionally, [Appellant] contended that Attorney Stine had been ineffective in failing to file a direct appeal for him following the sentencing hearing despite [Appellant]'s requests that an appeal be filed. After hearing evidence and receiving argument on the motion, the court granted [Appellant] relief by allowing him to file a direct appeal *nunc pro tunc*.

On November 2, 2018, [Appellant] filed the pending direct appeal to the Pennsylvania Superior Court from the underlying sentencing order of June 15, 2017. Thereafter, [Appellant] was directed to and did file a statement of matters complained of on appeal. In his statement filed November 30, 2018, [Appellant] does not set forth issues related to errors this court allegedly made prior to, during or after sentencing. Rather, he simply identifies manners by which his trial counsel, Attorney Zelonis, allegedly had provided ineffective representation—namely, by failing "to challenge the probable cause to search the locked glove box of the car" and by having [Appellant] withdraw the suppression motion.

As noted in this court's order of October 10, 2018 which granted [Appellant] the right to file a direct appeal *nunc pro tunc*, the issues collateral to the direct appeal—namely, those involving alleged ineffectiveness of Attorney Zelonis—were not being addressed by the court as it was not found the appropriate time to do so because the case was being returned to the direct appeal stage *nunc pro tunc*. [Appellant]'s ability to raise collateral issues at the proper time, if so desired, had not been impacted by the October 10, 2018 order. In his November 30, 2018 statement of complaints, [Appellant] does not contend that this court erred in so determining and it is believed that pursuant to controlling appellate authority, it did not do so. As no issues, however, pertinent to a direct appeal have been identified in the statement of matters complained of on appeal, none can be addressed herein.

Trial Ct. Op., 12/17/18, at 1-4 (citation omitted).

_____

[4] At the conclusion of the PCRA hearing, the trial court noted: "The only evidence heard about the merits of the suppression . . . was [Attorney] Zelonis' opinion that it did not have merit." *See* N.T. PCRA Hr'g, 8/3/18, at 61-62.

"When faced with a purported ***Anders*** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." ***Commonwealth v. Wimbush***, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to Appellant; and (3) advising Appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that Appellant considers worthy of the court's attention. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in ***Santiago***, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Only after determining that counsel has satisfied these technical requirements, may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super.

2015) (citations and footnote omitted); *accord Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Appellant's counsel has complied with the procedures for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining his rights, and supplying Appellant with a copy of the *Anders*/*Santiago* brief. *See Goodwin*, 928 A.2d at 290. Moreover, counsel's *Anders*/*Santiago* brief complies with the requirements of *Santiago*. Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claims, and sets forth the conclusion that the appeal is frivolous. Counsel explains his reasoning and supports his rationale with citations to the record and pertinent legal authority. Therefore, counsel has complied with the technical requirements for withdrawal, *Santiago*, 978 A.2d at 361, and we will independently review the record to determine if any non-frivolous issues are raised. *See Flowers*, 113 A.3d at 1250.

Initially, we note that counsel identifies a challenge relating to trial counsel's ineffectiveness. *See Anders*/*Santiago* Brief at 11. Counsel acknowledges that that this matter is currently in the posture of a direct appeal. Counsel concludes that claims of ineffectiveness cannot be raised on direct appeal. *Id.* at 12.

Generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal. *See Commonwealth v. Holmes*, 79

A.3d 562, 577-80 (Pa. 2013). Instead, such claims are to be deferred to PCRA review. *Id.*

However, our Supreme Court has recognized three exceptions to the general rule. In *Holmes*, the Supreme Court held that a trial court has discretion to address ineffectiveness claims on direct review in cases where (1) there are extraordinary circumstances in which trial counsel's ineffectiveness is apparent from the record and "meritorious to the extent that immediate consideration best serves the interests of justice[;]" or (2) "there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence." *Holmes*, 79 A.3d at 577. More recently, our Supreme Court adopted a third exception, which requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Commonwealth v. Delgros*, 183 A.3d 352, 361 (Pa. 2018) (citations omitted).

Here, the record does not indicate that extraordinary circumstances exist, or that Appellant waived his right to PCRA review. *See Holmes*, 79 A.3d at 577. Further, Appellant is not statutorily barred from seeking PCRA relief. *See Delgros*, 183 A.3d at 361.

Because our independent review of the record confirms that none of the exceptions apply, we agree with counsel's conclusion that Appellant's ineffectiveness claim cannot be considered on direct appeal. Moreover, the record does not reveal any additional, non-frivolous issues in this appeal. *See*

***Yorgey***, 188 A.3d at 1197. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition for leave to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/18/2019