**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Richard M. WIMBUSH, Appellant.**

Superior Court of Pennsylvania.

Submitted March 10, 2008.

Filed June 5, 2008.

Matthew P. Kelly, Kingston, for appellant.

Frank P. Barletta, Assistant District Attorney, Wilkes–Barre, for Commonwealth, appellee.

BEFORE: STEVENS, PANELLA, and HUDOCK, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Luzerne County after a jury convicted Appellant on nine counts of Arson, one count of Institutional Vandalism, and one count of Risking a Catastrophe. Sentenced to 84 to 200 months' incarceration on the Arson convictions, Appellant raises challenges to the denial of his motion to change venue and to the racial composition of his jury. Counsel for Appellant has also filed with this Court both a Petition to Withdraw as Counsel and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981). After conducting an independent review of the record, we affirm and grant counsel's petition to withdraw.

¶ 2 On April 9, 2006, Appellant was incarcerated in the restricted unit at the State Correctional Facility at Chase when he was alleged to have started a fire in his cell. Charged with, *inter alia,* the above-cited offenses, Appellant proceeded to a trial by jury commencing on May 14, 2007 and was convicted.

¶ 3 Relevant to the appeal before us is a pretrial hearing in which Appellant informed the presiding judge, The Honorable Peter Paul Olszewski, Jr., that he was dissatisfied with counsel's refusal to file a motion to change venue and venire. When asked why he sought venue and venire change, Appellant stated "I would like to be confronted by my same pier [sic] group. I feel as though the people out here are all white and I won't be able to be given a fair trial due to that." N.T. 5/17/07 at 6.[1] Appellant also complained that local media reported the allegations against him. *Id.* at 7. "They use stereotypes and they brandished me with the name of arsonist, unruly inmate. I feel as though if I get a jury from out here, my jury would be coming in as tainted persons exposed[,]" Appellant protested. *Id.*

¶ 4 Judge Olszewski, however, denied Appellant's requests.

**THE COURT:** "[T]he Jury Panel in this community is who it is and it's Constitutional. [Moreover,] if you think people have read about [the accusations against you,] I'll ask the 40 jurors when they come in here if they've read about it and we'll see what they know about the case and we'll take care of that appropriately. So, we'll make sure they're not tainted."

*Id.* at 7–8. With that, the hearing was concluded and the jury pool was brought

---

1. The record reflects that Appellant is African–American.

into the courtroom for an off-the-record *voir dire. Id.* at 14.

¶ 5 Represented by newly-appointed counsel, Appellant filed the present appeal. Counsel has, however, filed a petition to withdraw and submitted an *Anders* brief to which Appellant, after receiving proper advisement of his options, remains silent.

¶ 6 When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw. *Commonwealth v. Rojas,* 2004 PA Super 163, 874 A.2d 638, 639 (Pa.Super.2005). Recently we discussed the *Anders* process as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. A proper *Anders* brief does not explain why the issues are frivolous and does not develop arguments against the appellant's interests. Rather, the brief articulates the issues in neutral form, cites relevant legal authorities, references appropriate portions in the record to aid our review, and concludes that, after a thorough review of the record, the appeal is wholly frivolous.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders,* this Court will deny the petition to withdraw and remand the case with appropriate

instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders,* we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the **judgment of sentence.** However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks,* 931 A.2d 717, 720, 721 (Pa.Super.2007) (*Wrecks I*) (internal citations omitted).

¶ 7 Counsel for Appellant's petition to withdraw and his *Anders* brief reveal that he has made a conscientious examination of the record and found the appeal to be frivolous. The brief itself, moreover, does not resemble a no-merit letter or *amicus curiae* brief as it sets forth the issues in neutral fashion, supplies governing authority on the issues, and offers no argument against Appellant's interest. Finally, the record contains a copy of the letter counsel sent to Appellant advising him that counsel made a conscientious examination of the record, found no issues of arguable merit, and advised him of his right to retain new counsel, proceed *pro se,* or raise any additional issues that he deems worthy of the court's attention. Therefore, counsel has complied with the procedural requirements of *Anders* and *McClendon.*

¶ 8 "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Wright,* 846 A.2d 730, 736

(Pa.Super.2004). Here, the *Anders* brief raises two issues for our review:

I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION OR MADE AN ERROR OF LAW IN DENYING APPELLANT'S MOTION FOR CHANGE OF VENUE.

II. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION OR MADE AN ERROR OF LAW IN DENYING APPELLANT'S RIGHT TO A JURY OF HIS PEERS.

*Anders* Brief for Appellant at 1.

A change of venue is necessary 'if a fair and impartial jury cannot be selected in the county in which the crime occurred,' a determination that the trial court is best suited to make. *Commonwealth v. Karenbauer*, 552 Pa. 420, 433–34, 715 A.2d 1086, 1092 (1998), *cert. denied*, 526 U.S. 1021, 119 S.Ct. 1258, 143 L.Ed.2d 354 (1999). Thus, in reviewing a denial of a motion for a change of venue, we will disturb the trial court's decision only if it represents an abuse of discretion. *Id.* at 433, 715 A.2d at 1092. The mere occurrence of pre-trial publicity does not warrant a change of venue. In general, the defendant must show that the publicity led to actual prejudice. *Id.* at 434, 715 A.2d at 1092. However, under limited circumstances, *e.g.* after sensational, inflammatory, and slanted pre-trial publicity, the court will presume that the publicity was prejudicial. *Id.* Even if this presumption applies, the defendant must show that the 'pre-trial publicity was so extensive, sustained, and pervasive that the community must be deemed to have been saturated with it, and that there was insufficient time between the publicity and the trial for any prejudice to have dissipated.' *Id.*

*Commonwealth v. Thomas*, 879 A.2d 246, 259–60 (Pa.Super.2005).

¶ 9 Here, there is no evidence to support Appellant's subjective concerns with venue that he raised at trial and here on appeal. Neither actual prejudice nor extensive pre-trial publicity is suggested, let alone demonstrated, in the record. Therefore, Appellant's first issue is frivolous.

¶ 10 As to his second issue, "[a] defendant has a right to an impartial jury pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, § 9 of the Pennsylvania Constitution." *Commonwealth v. Chmiel*, 585 Pa. 547, 578, 889 A.2d 501, 519 (2005) (citations omitted). An appellant carries the burden of showing that his jury was not impartial. *Id.* At his pretrial hearing and again on appeal, Appellant makes the blanket accusation that a jury drawn from a predominantly white jury pool, as is the case in predominantly white Luzerne County, is incapable of rendering an impartial verdict in a case involving an African–American defendant. No more specific complaint against either any juror individually or the jury collectively is issued.

¶ 11 Absent a demonstration of special circumstances, other than the race of a defendant, *voir dire* into the racial bias of prospective jurors is not required to ensure a defendant a fair trial. *Commonwealth v. Marrero*, 546 Pa. 596, 687 A.2d 1102 (1996). With no special circumstances even suggesting, let alone demonstrating, racial bias on the part of any juror, we deem Appellant's assertion of an unfair trial wholly frivolous.

¶ 12 Accordingly, we affirm judgment of sentence and grant counsel's petition to withdraw.