J-S51020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY ANUSHIEM | |
| Appellant | No. 3060 EDA 2014 |

Appeal from the Judgment of Sentence August 27, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002832-2014

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED DECEMBER 07, 2015**

Anthony Anushiem appeals from the judgment of sentence entered in the Court of Common Pleas of Delaware County, following his negotiated guilty plea to simple assault[1] and possession of an instrument of crime.[2] Anushiem's appellate counsel seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). Upon

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2701(a)(3).

[2] 18 Pa.C.S.A. § 907(a).

review, we affirm Anushiem's judgment of sentence and grant counsel's petition to withdraw.[3]

The trial court summarized the relevant procedural facts and history of this case as follows:

> On August 27, 2014, Anthony Anushiem (hereinafter referred to as "Appellant") entered into a negotiated guilty plea, and was sentenced by the undersigned in the above-captioned matter as follows: Count 1, Simple Assault, "time served to 23 months, time served being the period of 4/25/14 to 8/27/14. You are to stay away from the victim. That is no contact with the victim or any residence that she is living at. Forfeit the key and cell phone and payment of court costs. On Count 4, Possession Instrument of Crime . . . one year probation. That sentence is concurrent to Count 1." . . . On September 4, 2014, the Appellant filed a "Post-Sentence Motion to Withdraw Guilty Plea." A Hearing was held on the Motion, and on September 29, 2014, an Order was entered denying Appellant's "Motion to Withdraw Guilty Plea." On October 27, 2014, Appellant filed a timely Notice of Appeal. The Court directed Appellant to file a statement of matters complained of on appeal. In response, on November 18, 2014, counsel for Appellant filed a statement of intent to file an **Anders** brief with the Superior Court pursuant to Pa.R.A.P. 1925(c)(4). Counsel's statement of intent eliminates this Court's duty to file an opinion under Pa.R.A.P. 1925(a), since this Court plays no role in evaluating the **Anders** brief. **Commonwealth v. McBride**, 957 A.2d 752, 758 (Pa. Super.

---

[3] On August 24, 2015, Anushiem filed a *pro se* motion to assert additional matters on appeal. He attached to that motion a petition for post conviction collateral relief, raising claims of ineffectiveness of counsel as well as other claims for which Anushiem may be entitled to relief under the Post Conviction Relief Act. 42 Pa.C.S.A. §§ 9541-9546. We deny this motion without prejudice to Anushiem's right to raise these issues on collateral review. **See Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002), *reargument denied, clarified* 821 A.2d 1246 (Pa. 2003) ("We now hold that, as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review.").

2008) ("If counsel files a statement of intent to file an *Anders* brief pursuant to Rule 19259(c)(4), a trial court opinion is not necessary and the trial court record shall be certified and transmitted . . . to this court.").

Trial Court Opinion, 12/1/2014.

Counsel has filed a petition to withdraw and brief pursuant to *Anders* and *Santiago*. There are particular mandates that counsel seeking to withdraw pursuant to *Anders* must follow. These mandates and the significant protection they provide to an *Anders* appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf).

*Id*. (citations omitted).

Further, the *Anders* brief that accompanies counsel's petition to withdraw must:

(1)     provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.  When faced with a purported *Anders* brief, we do not review the merits of the underlying issues without first deciding whether counsel has properly requested permission to withdraw. *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted).  If counsel has met these obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 354 n.5.

Here, counsel has complied with the requirements outlined above. Counsel has filed a petition with this Court stating that after a thorough review of the case, counsel "had found a complete lack of issues that might be raised on appeal and . . . believes this appeal to be wholly frivolous." Petition to Withdraw as Counsel, 2/19/15, ¶ 2-3.  Counsel has filed a brief setting forth one issue that might arguably support an appeal, *see Anders* Brief, at 3-4, and sets forth his conclusion that the appeal is frivolous, citing to the relevant portions of the record. *See id.* at 4-5.   Finally, counsel has attached to his petition the letter that he sent to Anushiem, which enclosed

counsel's petition and ***Anders*** brief and advised Anushiem of his right to proceed *pro se* or with private counsel and to raise any additional issues that he deems worthy of this Court's consideration. Petition to Withdraw as Counsel, 2/19/15, Appendix A.

Counsel raises the following issue: whether Anushiem's claim that counsel was not prepared to represent him at trial and his apprehensions about his attorney should have been addressed during the guilty plea colloquy?

Counsel states the issue is frivolous since Anushiem's allegations of counsel's unpreparedness were vague at best. Trial counsel stated that he was, in fact, ready to represent Anushiem at trial. ***See*** N.T. Jury Selection, 8/26/14, at 99-100. Despite Anushiem's statement that he did not think his attorney was ready to represent him at trial, when faced with the court's refusal to delay the trial any further, Anushiem entered his plea. Tellingly, he raised no "concerns" about his counsel during the guilty plea colloquy. ***See*** Guilty Plea Hearing, 8/27/14, at 3-16. Additionally, Anushiem acknowledged that counsel reviewed the six-page plea statement with him, line by line. Finally, the plea agreement was reached after "lengthy negotiations." ***Id***. at 3, 13.

"[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently."

*Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa. Super. 2002); *See also* Pa.R.Crim.P. 590(A)(3).

Here, Anushiem entered a negotiated guilty plea. He pled guilty to simple assault and PIC in exchange for the prosecutor's agreement to recommend a sentence of time served (124 days) to 23 months' imprisonment for simple assault and a concurrent term of one year probation for PIC.

Prior to accepting a defendant's guilty plea, the trial court must determine that defendant's guilty plea is voluntarily and understandingly tendered. Pa.R.Crim.P. 590(a)(3). Here, the court accepted that plea after a full colloquy, and imposed the recommended sentence. N.T. Guilty Plea Colloquy, 8/27/14, at 6-11. The record makes clear Anushiem understood the terms of the plea agreement and voluntarily and intelligently entered into it. Anushiem also signed and initialed each paragraph of a six-page written guilty plea statement, which, as noted above, his counsel reviewed with him. *See* Guilty Plea Statement, 9/5/14. From our review of the record, it appears that Anushiem's concerns regarding his attorney's readiness for trial was more a function of his attempt to delay the trial. We find no manifest injustice. *Muhammad*, *supra*.

Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Motion to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/2015