J-S39030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CLINTON ALLEN GEIST | : | |
| | : | |
| Appellant | : | No. 1621 MDA 2017 |

Appeal from the Judgment of Sentence September 13, 2017
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0002198-2016

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                **FILED OCTOBER 16, 2018**

This case returns to this panel after we remanded for Appellant's counsel, Matthew Welickovitch, Esq. (Counsel), to file an amended ***Anders***[1] petition and brief or an advocate's brief. Clinton Allen Geist (Appellant) appeals from the judgment of sentence imposed following the entry of his guilty plea to possession of a controlled substance (heroin) and possession of drug paraphernalia.[2] Additionally, Counsel seeks to withdraw from representation. After careful review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The pertinent facts and procedural history of this case are as follows. On July 14, 2017, Appellant pled guilty to one count each of possession of a

---

[1] ***Anders v. California***, 386 U.S. 738 (1967); ***see also Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

[2] 35 P.S. §§ 780-113(a)(16), (32).

controlled substance (heroin) and possession of drug paraphernalia. On September 23, 2017, the trial court sentenced Appellant to an aggregate term of 22 months to 4 years of incarceration. Appellant filed a timely post-sentence motion, seeking to modify his sentence; the trial court denied Appellant's motion on October 4, 2017.

On October 12, 2017, Appellant filed this. We note that both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925(b). Counsel subsequently filed a petition to withdraw and an accompanying *Anders* brief. Because Counsel's *Anders* brief was deficient, we denied his petition to withdraw without prejudice and remanded to permit him to review the record and file a compliant brief if he still believed the appeal was frivolous. Counsel reviewed the record, concluded the appeal was frivolous, and filed another *Anders* brief and petition to withdraw on September 3, 2018.

There are particular mandates that counsel seeking to withdraw pursuant to *Anders* must follow. These mandates and the significant protection they provide to an *Anders* appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might

arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of *Anders,* this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf).

*Id.* (citations omitted).

Additionally, there are requirements as to precisely what an *Anders* brief must contain:

[T]he Anders brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d 349, 361 (Pa. 2009). When faced with a purported *Anders* brief, we may not review the merits of the underlying issues without first deciding whether counsel has properly requested permission to withdraw. *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). If counsel has met these obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the

- 3 -

proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 354 n.5.

Instantly, we conclude that Counsel has complied with the requirements outlined above. Counsel has filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. Petition for Permission to Withdraw as Counsel, 9/3/18, at ¶ 5. In conformance with *Santiago*, Counsel's brief includes summaries of the facts and procedural history of the case, and discusses the issues he believes might arguably support Appellant's appeal. *See Anders* Brief at 5-11. Counsel's brief sets forth his conclusion that the appeal is frivolous and includes citation to relevant authority. *See id.* at 8-9. Finally, Counsel has attached to his petition to withdraw the letter he sent to Appellant, which enclosed Counsel's petition and *Anders* brief. Counsel's letter advised Appellant of his right to proceed *pro se* or with private counsel and to raise any additional issues that he deems worthy of this Court's consideration.

On appeal, Counsel presents the following issues for review:

I.   WHETHER THE COURT ERRED IN ACCEPTING APPELLANT'S PLEA WHEN APPELLANT WAS UNDER A STATE OF APPARENT IN[T]OXICATION; WHETHER THAT PLEA WAS VOLUNTARY AND UNDERSTANDINGLY TENDERED GIVEN THE CIRCUMSTANCES[?]

II.  WHETHER AN APPLICATION TO WITHDRAW AS COUNSEL SHOULD BE GRANTED WHERE COUNSEL HAS INVESTIGATED THE POSSIBLE GROUNDS OF APPEAL AND FINDS THE APPEAL FRIVOLOUS[?]

*Anders* Brief at 4.

Appellant argues that his guilty plea was not "voluntarily and understandingly tendered" due to Appellant's intoxication at the guilty plea hearing, which he contends was plainly visible. Rule 1925(b) Statement, 11/2/17, at ¶ 1. Appellant asserts that the trial court erred by accepting his guilty plea because of his level of intoxication. *Id.*

Appellant waived this claim by failing to raise it in the trial court either by objecting during the plea colloquy or in a timely motion to withdraw his plea. *See* Pa.R.Crim.P. 720(B)(1)(a)(i); *see also Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) (holding that a "defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver."). Even if Appellant had not waived this claim, we would reject it as meritless. The evidence before us – the oral plea colloquy and the guilty plea colloquy forms signed by Appellant – together refute Appellant's claim that his plea was not knowing, voluntary, and intelligent. *See* N.T., 7/14/17, at 5-7; Written Guilty Plea Colloquy forms, 7/14/17; *see also Commonwealth v. Morrison*, 878 A.2d 102, 108 (Pa. Super. 2005) (*en banc*) (concluding guilty plea was not unknowing and involuntary where defendant signed written guilty plea colloquy form containing statements and information refuting claim). Accordingly, Appellant's claim does not merit relief.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/16/2018