J-S05032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS HARRY WISE, | : | |
| | : | |
| Appellant | : | No. 1718 MDA 2019 |

Appeal from the Judgment of Sentence Entered September 13, 2019
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0004617-2018

BEFORE:  SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED APRIL 01, 2020**

Thomas Harry Wise ("Wise") appeals from the judgment of sentence entered following his convictions of three counts of criminal solicitation, two counts of criminal attempt, and one count each of tampering with/fabricating physical evidence and criminal use of a communication facility.[1]  Counsel has filed an Application to Withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We grant counsel's Application to Withdraw and affirm Wise's judgment of sentence.

The suppression court set forth the facts relevant to the instant appeal as follows:

On July 19, 2018, at approximately 1:00 p.m., Detective Heather Halstead [("Detective Halstead"),] of the Lancaster City

---

[1] **See** 18 Pa.C.S.A. §§ 902(a), 901(a), 4910(1), 7512(a).

Bureau of Police[,] was advised that a video of two subjects was being broad[cast] live on Facebook. When [Detective] Halstead began to view the video in realtime, the identified Facebook social media account broadcasting the video was a user identified as, quote, MR17540.

Subsequent investigation determined that this Facebook account belonged to an individual by the name of Justin Perry [("Perry")]. It is found that the video showed [] Perry engaging in a conversation with … Wise. Additionally, the [suppression court] finds that the video showed [] Perry and [Wise] engaging in a conversation over [Wise's] solicitation of a purported 15-year-old girl for sexual acts. [] Perry stated that he was posing as a 15-year-old-girl, and that [Wise] admitted that he was there intending to meet an individual whom he believed was a 15-year-old girl. The initial encounter occurred at 150 North Queen Street in Lancaster City, Lancaster County, Pennsylvania, specifically, in and around the area known as Binns Park. The encounter then continued through various locations through the City of Lancaster. The entire video of this incident was admitted into evidence as Commonwealth Exhibit 1[,] and has been reviewed by [the suppression court].

Detective Jessica Davis [("Detective Davis"),] of the Lancaster City Bureau of [P]olice subsequently conducted an interview of [] Perry on July 20, 2018. During such interview, [] Perry explained that prior to his face-to-face interaction with [Wise], he previous[ly] posed as a juvenile female, and that he was self-employed, quote, at catching predators, unquote. [] Perry explained that his process was using the Skout dating application and posting a picture of a female friend, who is an adult but appears to be younger in age. [] Perry explained that the Skout site monitors users to make sure that they are adults. [] Perry stated that for this reason, and not to trap an innocent m[a]n, he lists his age as 18. He advised that he uses the profile name Nicole Lana, and has been using the same profile for approximately two months. [] Perry stated that he waits for someone to message him on the Skout application and then tells them [that] he's not 18, but if they wish to continue to keep talking to him, they can switch to the Kik … messaging application. [] Perry stated that once they are on the Kik application, he tells the individual that he's 15. [] Perry stated that he has utilized this method with [Wise].

[] Perry advised that on the morning prior to the face-to-face meeting, his girlfriend, Tatiana Hoffert [("Hoffert")], called [Wise] as a decoy and purported to be Nicole Lana. [] Hoffert then told [Wise that] she was excited to meet him, and they agreed to me[e]t at Binns Park, which … is located at 150 North Queen Street in the City of Lancaster.

[] Perry stated that he went to Binns Park to meet [Wise], [and] that he filmed the interaction live-stream on Facebook. The video footage of the incident begins with [] Perry walking to the arranged meeting site and continues until [Wise] admitted his intentions and the two separated.

The question-and-answer portion of [] Perry's interview was admitted into evidence as Commonwealth Exhibit 2, and has been reviewed by the [suppression] [c]ourt. It is noted that [] Perry subsequently signed a consent form allowing members of the Lancaster City Bureau of Police to search his LG Smart Phone ….

[] Perry indicated that he communicated with [Wise] on th[e] Kik application on [his] cellular telephone. [] Perry voluntarily relinquished this cellular telephone to Detective Davis….

[] Perry signed a separate consent form permitting members of the Lancaster City Bureau of Police to search his Facebook account, specifically the screen name as previously mentioned. Again, [] Perry indicated that this was his account, [and] that he live-streamed the video of the interaction between himself and [Wise] on July 19, 2018[,] from this account….

… [A] forensic review of this device located a conversation on the Kik application between [] Perry, who was posing as Nicole Lana, and [Wise]. Such conversation included, among other things, graphic sexual language about what [Wise] would like to do with Nicole Lana, [Wise's] soliciting a nude imag[e] of Nicole Lana, [Wise] sending a picture of his penis to Nicole Lana, and arrangements for [the] two to meet in person. The entire extraction of the cellular telephone, including a Kik conversation, was admitted into evidence.

N.T. (Suppression Hearing), 4/26/19, at 3-7.

Police arrested Wise and charged him with the above-described offenses. Police additionally charged Wise with one count each of attempted statutory sexual assault and attempted dissemination of obscene and other sexual materials to a minor.[2] Wise filed a pre-trial Motion to suppress the electronic evidence obtained by police, which the suppression court denied. Following a bench trial, the trial court acquitted Wise of one count each of attempted statutory sexual assault and attempted dissemination of obscene and other sexual materials to a minor, and convicted Wise of the remaining charges.

On September 9, 2019, the trial court sentenced Wise to time served to 23 months in jail, followed by five years of consecutive probation. On September 13, 2019, the trial court resentenced Wise, but did not change his aggregate sentence. Wise did not file a post-sentence motion, but timely filed a Notice of Appeal. In lieu of Pa.R.A.P. 1925(b) concise statement, counsel filed a Statement of Intent to file an **Anders** brief. Counsel has now filed with this Court an Application to Withdraw from representation, and brief pursuant to **Anders** and **Santiago**.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa.

---

[2] **See** 18 Pa.C.S.A. §§ 901(a), 3122.1(b), 5903(c)(1).

Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Here, counsel's Application to Withdraw states that she has reviewed the record and concluded that the appeal is frivolous. Additionally, counsel notified Wise that she is seeking permission to withdraw, furnished Wise with copies of the Application to Withdraw and ***Anders*** brief, and advised Wise of his right to retain new counsel or proceed *pro se* to raise any points he believes worthy of this Court's attention. Accordingly, counsel has satisfied the procedural requirements of ***Anders***.

Having concluded that counsel has complied with the procedural mandates of ***Anders***, we next determine whether counsel's ***Anders*** brief meets the substantive dictates of ***Santiago***. According to ***Santiago***, in the ***Anders*** brief that accompanies counsel's petition to withdraw, counsel must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state

- 5 -

counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Here, counsel has set forth the facts and procedural history of the case. *Anders* Brief at 7-9. Additionally, counsel refers to a suppression claim that could arguably support the appeal, and concludes that the issue is wholly frivolous. *See id.* at 17. Counsel also provides a detailed analysis regarding the absence of any violation of the Wiretap Act by the Commonwealth. *See id.* at 12-16. Thus, counsel has complied with the minimum requirements of *Anders*/*Santiago*. We next must address whether the appeal is, in fact, wholly frivolous, and whether there exist any additional meritorious issues that could have been raised on Wise's behalf.

Wise claims that, through the actions of Perry, the Commonwealth collected evidence in violation of the Wiretap Act. *Anders* Brief at 12. In particular, Wise claims that Perry acted as though he was a law enforcement officer, and as such, improperly failed to undergo the appropriate training required by the Wiretap Act, and failed to retain the required records of his social media conversations with Wise. *See id.* However, counsel concedes that she was unable to find any legal support for this claim. *Id.* at 13. In addition, counsel points out that law enforcement had instructed Perry **not** to continue such actions. *Id.* Thus, counsel confirms that the claim has no legal

support and lacks all merit. *Id.* Our review confirms the lack of legal authority supporting this claim.

Counsel also points out a potential claim of a violation of the Wiretap Act based upon the recording made by Perry with his cell phone. *Id.* at 13-14. However, counsel confirms that this Court's holding in *Commonwealth v. Smith*, 136 A.3d 170 (Pa. Super. 2016), would afford Wise no relief. *See Anders* Brief at 14.

In *Smith*, the defendant used an application on a cell phone to *surreptitiously* record his supervisor. *Smith*, 136 A.3d at 172. The defendant subsequently was charged with a violation of the Wiretap Act. *Id.* at 172. The trial court granted the defendant *habeas corpus* relief, and dismissed the sole Wiretap Act charge against him. *Id.* On appeal, this Court reversed, concluding that "[t]he surreptitious recording of the conversation violated the provisions of the Act." *Id.* at 174.

In this case, however, the suppression court found that "[a]t no time was any such recording surreptitious in nature; rather, [] Perry consistently held the cellular telephone in a manner demonstrative that he was capturing the entire transaction." N.T. 8/9/19, at 10. Because the recording was not "surreptitious," *Smith* affords Wise no basis for relief.

Finally, our independent review discloses no additional, non-frivolous issues that could be raised by Wise. We therefore grant counsel's Application to Withdraw, and affirm Wise's judgment of sentence.

Application to Withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/01/2020