J-A03014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RALPH LEE ROBERSON | : | |
| | : | |
| Appellant | : | No. 317 MDA 2020 |

Appeal from the Judgment of Sentence Entered September 26, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003118-2018

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 6, 2021**

Ralph Lee Roberson (Appellant) appeals from the judgment of sentence imposed after a jury found him guilty of two counts of delivery of a controlled substance, two counts of possession with the intent to deliver, and criminal use of a communication facility.[1]  Additionally, Appellant's counsel (Counsel), seeks to withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).  Upon review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Appellant's charges arose from three deliveries of heroin and cocaine during April and May of 2018.  Affidavit of Probable Cause, 5/16/18.  Appellant made each of the deliveries to an undercover narcotics agent.  **Id.**  On May

_____

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 7512(a).

16, 2018, the Commonwealth charged Appellant with the above crimes. On August 13, 2019, Appellant filed a motion to compel the Commonwealth to disclose the identity of the confidential informant who identified Appellant to the police as a drug dealer. The trial court denied Appellant's motion prior to jury selection. **See** N.T., 8/14/19, at 13. Appellant proceeded to trial, and on August 15, 2019, the jury rendered their guilty verdicts. On September 26, 2019, the trial court sentenced Appellant to an aggregate 8 to 16 years of incarceration.

Appellant appealed.[2] In lieu of filing a Rule 1925(b) statement, Counsel filed a statement of intent to file an **Anders** brief pursuant to Pennsylvania Rule of Appellate Procedure 1925(c)(4). On August 6, 2020, Counsel filed an **Anders** brief, in which she avers that Appellant's appeal is frivolous, and requests permission from this Court to withdraw from representation. Appellant did not file a response to the **Anders** brief or raise any additional claims.

When faced with a purported **Anders** brief, we may not review the merits of the underlying issues without first deciding whether counsel has properly requested permission to withdraw. **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Accordingly, we address the particular mandates that counsel seeking to withdraw pursuant to

---

[2] On January 3, 2020, Appellant filed an Unopposed Motion to Reinstate Appellate Rights. The trial court granted Appellant's motion on January 21, 2020, and Appellant filed this appeal on February 18, 2020.

*Anders* must follow. These mandates and the significant protection they provide arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007). We have explained:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf).

*Id.* (citations omitted).

Additionally, there are requirements as to the content of an *Anders* brief:

> [T]he *Anders* brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. If counsel has satisfied the above requirements, it is this Court's duty to review the trial court proceedings to determine whether there are any non-frivolous issues that the appellant could raise on appeal. ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Instantly, Counsel has complied with the requirements of ***Anders***. Counsel filed a petition with this Court stating that after reviewing the record, she finds this appeal to be wholly frivolous. Petition to Withdraw as Counsel, 8/6/20, ¶ 14. In conformance with ***Santiago***, Counsel's brief includes summaries of the facts and procedural history of the case, and discusses the issues she believes might arguably support Appellant's appeal. ***See Anders*** Brief at 11-38. Counsel sets forth her conclusion that the appeal is frivolous and includes citation to relevant authority. ***Id.*** Finally, Counsel has attached to her petition to withdraw the letter she sent to Appellant, which enclosed Counsel's petition and ***Anders*** brief. Petition to Withdraw as Counsel, 8/6/20, Ex. A. Counsel's letter advised Appellant of his right to proceed *pro se* or with private counsel, and raise any additional issues he deems worthy of this Court's consideration. ***Id.*** We thus proceed to Appellant's substantive claims, which he states as follows:

I.  The Evidence Present at Trial was [insufficient] to Support a Guilty Verdict

II.  The Trial Court [erred] by Denying Appellant's Motion to Disclose the Identity of the Confidential Informant

III.   Appellant [proved] by a Preponderance of the Evidence that he was Entrapped by Law Enforcement Officers.

***Anders*** Brief at 27-28 (underlining omitted, restated for clarification).

In his first claim, Appellant challenges the sufficiency of the evidence.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Leaner***, 202 A.3d 749, 768 (Pa. Super. 2019) (citation omitted). To reiterate, the jury, as the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. ***Commonwealth v. Melvin***, 103 A.3d 1, 39 (Pa. Super. 2014) (citation omitted). In conducting review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder. ***Id.*** at 39-40.

The Controlled Substance, Drug, Device and Cosmetic Act provides in

relevant part:

    (a)    The following acts and the causing thereof within the Commonwealth are hereby prohibited: . . .

    (30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act[.]

35 P.S. § 780-113(a)(30).

Criminal use of a communication facility is defined as follows:

A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or under the . . . Controlled Substance, Drug, Device and Cosmetic Act.

18 Pa.C.S.A. § 7512(a).

Upon review, we find the evidence sufficient to support the jury's guilty verdicts. At trial, the Commonwealth introduced testimony (and exhibits) to demonstrate that Appellant delivered heroin and cocaine to Narcotics Agent Shannon Swope, of the Pennsylvania Attorney General's Office, on April 18, April 20, and May 16, 2018. N.T., 8/14/19, at 65-92. Agent Swope testified that she and Appellant communicated by cell phone to arrange the deliveries. N.T., 8/14/19, at 65, 79, and 89. The Commonwealth also presented the expert testimony of Chief Detective John Goshert, from the Dauphin County District Attorney's Office. Chief Goshert opined that the amount of heroin and cocaine Appellant possessed was an amount typically "possessed with the intent to deliver to another person." *Id.* at 171.

Appellant testified that on April 18, 2018, after getting in Agent Swope's car, he handed her a bag of heroin. N.T., 8/14/19, at 193, 203. Appellant confirmed that on April 20, 2018, he again delivered heroin to Agent Swope. *Id.* at 194. Appellant also testified he met Agent Swope on May 16, 2018, while in possession of heroin and cocaine, "to give to her so we [could] make money in Elizabethtown[.]" *Id.* at 197. Appellant admitted that he and Agent Swope facilitated these transactions by text messaging. *Id.* at 196-197.

The jury, as the finder of fact, was free to credit the above evidence. *Melvin*, 103 A.3d at 39 (citation omitted). Accordingly, we agree with Counsel that a challenge to the sufficiency of the evidence is wholly frivolous.

Next, Appellant claims the trial court erred by failing to disclose the identity of the confidential informant. "Our standard of review of claims that a trial court erred in its disposition of a request for disclosure of an informant's identity is confined to abuse of discretion." *Commonwealth v. Jordan*, 125 A.3d 55, 62 (Pa. Super. 2015) (*en banc*) (citation omitted).

Under Pennsylvania Rule of Criminal Procedure 573, a trial court has the discretion to require the Commonwealth to reveal the names and addresses of all eyewitnesses, including confidential informants, when a defendant makes a showing of material need and reasonableness. *Commonwealth v. Marsh*, 997 A.2d 318, 321 (Pa. 2010) (citing Pa.R.Crim.P. 573(B)(2)(a)(i)). Our Supreme Court "has repeatedly recognized the importance of the Commonwealth's qualified privilege to maintain the confidentiality of an

- 7 -

informant in order to preserve the public's interest in effective law enforcement." *Marsh*, 997 A.2d at 324 (citation omitted); *see also id.* (stating that safety of the CI is a controlling factor in determining whether to reveal his identity). To overcome the Commonwealth's qualified privilege, the defendant "must demonstrate at least a reasonable possibility the informant's testimony would exonerate him." *Commonwealth v. Withrow*, 932 A.2d 138, 141 (Pa. Super. 2007). "Only after the defendant shows that the identity of the confidential informant is material to the defense, is the trial court required to exercise its discretion to determine whether the information should be revealed by balancing relevant factors, which are initially weighted toward the Commonwealth." *Commonwealth v. Koonce*, 190 A.3d 1204, 1209 (Pa. Super. 2018) (citation omitted).

On August 13, 2019, Appellant filed a Motion to Compel Disclosure of Confidential Informant, arguing that Agent Swope "was introduced to [Appellant] by a Confidential Informant," and therefore, "the Confidential Informant will provide material information to support [Appellant's] defense of entrapment." Motion to Compel Disclosure of Confidential Informant, 8/13/19, at 1. Appellant stated that he and the confidential informant "are still friends," and as such, he "generally knows who the [confidential informant] is, but needs confirmation and address and phone information to call him as a witness." *Id.*

The trial court entertained Appellant's motion prior to jury selection.

After hearing argument, the court denied the motion, stating that its decision was "based on [the prosecutor's] memo and research." *See* N.T., 8/14/19, at 13. Our review supports Counsel's conclusions that "Appellant did not successfully articulate why the identity of the [confidential informant] was a material and necessary part of his defense," and "Appellant admittedly knew the identity of the [confidential informant] and was free to call him as a witness at trial, if necessary, for his defense." *Anders* Brief at 28; *see also* *Koonce*, 190 A.3d at 1209. Thus, we discern no abuse of discretion by the trial court.

In his third claim, Appellant raises the defense of entrapment. The relevant statute states:

> **(a) General rule.--**A public law enforcement official or a person acting in cooperation with such an official perpetrates an entrapment if for the purpose of obtaining evidence of the commission of an offense, he induces or encourages another person to engage in conduct constituting such offense by either:
>
> > (1) making knowingly false representations designed to induce the belief that such conduct is not prohibited; or
> >
> > (2) employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it.
>
> **(b) Burden of proof.**--Except as provided in subsection (c) of this section, a person prosecuted for an offense shall be acquitted if he proves by a preponderance of evidence that his conduct occurred in response to an entrapment.
>
> **(c) Exception.**--The defense afforded by this section is unavailable when causing or threatening bodily injury is an

element of the offense charged and the prosecution is based on conduct causing or threatening such injury to a person other than the person perpetrating the entrapment.

18 Pa.C.S.A. § 313.

An entrapment defense does not deny that the defendant committed the charged offense, but rather constitutes an affirmative defense. ***Commonwealth v. Joseph***, 848 A.2d 934, 938 (Pa. Super. 2004). A successful entrapment defense requires the defendant to prove by a preponderance of the evidence that the conduct of the police or an agent of the police reached such a "level of outrageousness" as to "make a reasonable person feel compelled to commit the crimes." ***Commonwealth v. Zingarelli***, 839 A.2d 1064, 1073-74 (Pa. Super. 2003).

Our Supreme Court has stated:

Where a defendant requests a jury instruction on a defense, the trial court may not refuse to instruct the jury regarding the defense if it is supported by evidence in the record[. It] is for the trier of fact to pass upon that evidence and improper for the trial judge to exclude such consideration by refusing the charge.

***Commonwealth v. Markman***, 916 A.2d 586, 607 (Pa. 2007) (citations omitted).

At trial, Appellant admitted to the three drug deliveries to Agent Swope, but claimed he was entrapped because of an ongoing sexual relationship the two had. ***See*** N.T., 8/14/19, at 189-220. However, Agent Swope testified she did not have a personal relationship with Appellant, and never had any physical contact with him other than the "hand to hand" exchange of drugs

- 10 -

during the three deliveries. *See* N.T., 8/14/19, at 97-103.

Based on his testimony, Appellant requested the trial court charge the jury on the defense of entrapment. N.T., 8/14/19, at 221-222; N.T., 8/15/19, at 226. The court granted the request, and the court's jury charge included an entrapment defense instruction. *See* N.T., 8/15/19, at 267-69. Thereafter, it was the jury's role to pass upon the evidence, including whether it believed Appellant's testimony that he and Agent Swope had a sexual relationship. *Melvin*, 103 A.3d at 39. In finding Appellant guilty, the jury rejected Appellant's entrapment defense. *See* N.T., 8/15/19, at 268 (trial court informing jury it was required to find Appellant not guilty if they were satisfied Appellant proved an entrapment defense by a preponderance of the evidence). We therefore agree with Counsel that Appellant's third claim is wholly frivolous. *See Anders* Brief at 38 ("With nothing more than his assertions, Appellant was unable to meet his burden of proof to support his entrapment defense.").

Finally, our independent review reveals no other non-frivolous issues Appellant could raise on appeal. *See Dempster*, 187 A.3d at 272. Accordingly, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/06/2021