J-A18012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRELL D. MATTHEWS | : | |
| | : | |
| Appellant | : | No. 1469 WDA 2023 |

Appeal from the Judgment of Sentence Entered November 15, 2023
In the Court of Common Pleas of Forest County Criminal Division at
No(s):  CP-27-CR-0000039-2021

BEFORE:  OLSON, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED: February 21, 2025**

Appellant, Derrell D. Matthews, appeals from the judgment of sentence entered on November 15, 2023, following his jury trial convictions for aggravated assault, simple assault, and disorderly conduct.[1]  In this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to **_Anders v. California_**, 386 U.S. 738 (1967) and **_Commonwealth v. Santiago,_** 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural

---

[1] 18 Pa.C.S.A. §§ 2702(a)(3), 2701(a)(1), and 5503(a)(1), respectively.  The jury also found Appellant not guilty of a second count of aggravated assault and prohibited offensive weapons.  18 Pa.C.S.A. §§ 2702(a)(2) and 908(a).

requirements necessary to withdraw. Moreover, after independent review of the record, we conclude that the instant appeal is wholly frivolous. Therefore, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

We briefly summarize the facts and procedural history of this case as follows. The Commonwealth alleged that on November 15, 2020, Appellant, who was an inmate at State Correctional Institute (SCI)- Forest "grab[bed] the victim, Correctional Officer [Matthew] Ellenberger, a State correctional officer, by the arm and did repeatedly strike him with a closed fist, causing a dislocated shoulder and small lacerations while [Officer] Ellenberger was in the performance of his duty." N.T., 8/16/2023, at 9. On August 16, 2023, a jury found Appellant guilty of the aforementioned charges. On November 15, 2023, the trial court sentenced Appellant to a "total sentence [of] 43 to 86 months [of imprisonment] consecutive to the sentence [Appellant was] currently serving." N.T., 11/15/2023, at 16. This timely appeal resulted.[2]

---

[2] Appellant filed a timely notice of appeal on December 15, 2023. The trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After the trial court granted an extension, counsel for Appellant filed a statement of intent to file an **Anders**/**Santiago** brief pursuant to Pa.R.A.P. 1925(c)(4). On March 1, 2024, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

On May 16, 2024, counsel for Appellant filed with this Court an **Anders** brief and a petition to withdraw as counsel. On September 20, 2024, this Court issued a memorandum decision finding that counsel's **Anders** brief was deficient for various reasons; therefore, we denied counsel's petition to withdraw and ordered counsel to file a compliant **Anders** brief or an advocate's brief. **Commonwealth v. Matthews**, No. 1469 WDA 2023 (Pa.

On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an **Anders** brief. Before reviewing the merits of this appeal, we therefore must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. **Commonwealth v. Miller**, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under **Anders**, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." **Miller**, 715 A.2d at 1207. Second, counsel must file an **Anders** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Finally, counsel must furnish a copy of the **Anders** brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007) (citation omitted).

---

Super. Sept. 20, 2024) (non-precedential decision). Counsel filed a revised **Anders** brief on January 31, 2025.

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5; **see also Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the **Anders** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel .... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them[.]"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

Here, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the claim raised in the **Anders** brief, which is as follows:

> Was the trial court obligated to [order a] change [in] venue due to [race, because] Appellant[,] a Black man from Buffalo, New York [] was tried in overly white Forest County, Pennsylvania because of an act he allegedly committed while in a State Correctional Institution?

**Anders** Brief, at 3.

- 4 -

We have previously determined:

A defendant has a right to an impartial jury pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, § 9 of the Pennsylvania Constitution. ***Commonwealth v. Chmiel***, 889 A.2d 501, 519 (Pa. 2005) (citations omitted). An appellant carries the burden of showing that his jury was not impartial. ***Id.*** […An a]ppellant [cannot] make[] blanket accusation[s] that a jury drawn from a predominantly white jury pool [] is incapable of rendering an impartial verdict in a case involving an African–American defendant [without a] more specific complaint against either any juror individually or the jury collectively[.]

Absent a demonstration of special circumstances, other than the race of a defendant, *voir dire* into the racial bias of prospective jurors is not required to ensure a defendant a fair trial. ***Commonwealth v. Marrero***, 687 A.2d 1102 (Pa. 1996). With no special circumstances even suggesting, let alone demonstrating, racial bias on the part of any juror, we [have previously] deem[ed an] assertion of an unfair trial wholly frivolous [under ***Anders***].

***Commonwealth v. Wimbush***, 951 A.2d 379, 383 (Pa. Super. 2008).

Here, upon review of the certified record, including the notes of testimony from jury *voir dire*, we conclude that Appellant's claim is wholly frivolous. Appellant does not suggest that an individual juror, or the entire jury collectively, engaged in, or harbored, racial bias. Instead, Appellant rests his blanket accusation on his race when compared with the race of the jury pool. Moreover, upon our independent review of the notes of testimony from *voir dire*, Appellant's counsel specifically noted that Appellant was a "black man from outside of th[e] area" and asked that "[g]iven those facts, would anyone tend to be biased or not impartial in this case?" N.T., 5/22/2023, at 20. There was no response from the potential jurors. ***Id.*** Hence, with no

special circumstances suggesting, let alone demonstrating, racial bias on the part of any one juror, we deem Appellant's assertion of an unfair trial wholly frivolous.

We have independently considered the issue raised within counsel's ***Anders*** brief and we have determined that the claim is frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal, is therefore, wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/21/2025