J-S12027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KHALIL PUGH | : | |
| | : | |
| Appellant | : | No. 2807 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 25, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-00007367-2017

BEFORE:   SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:                **FILED APRIL 28, 2020**

Khalil Pugh (Appellant) appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his negotiated guilty plea to, *inter alia*, murder in the third degree.[1]  Appellant's counsel, Stephen O'Hanlon, Esq. (Appeal Counsel), has filed a petition to withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant Appeal Counsel's petition to withdraw, and affirm Appellant's judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(c).

The trial court summarized the relevant facts as follows. On August 7, 2017, Appellant entered a house at 1866 East Clementine Street in Philadelphia, where he poured lighter fluid on the first floor and ignited it. The resulting fire caused the death of the victim, who was in the second floor bedroom at the time. The fire marshal determined the fire was a result of arson and incendiary by nature. A forensic pathologist determined the victim's death was caused by inhalation of products of combustion. Trial Ct. Op., 11/19/19, at 3, *citing* N.T. Guilty Plea H'rg, 6/25/18, at 29-31.

On August 14, 2017, Appellant gave a video confession to Philadelphia police detectives, where he stated that he went into the home, poured the lighter fluid on a couch, and lit it on fire. Appellant's girlfriend also gave a written statement to police that she observed Appellant take a bottle of lighter fluid and walk outside saying "that he was going to light the house on fire." Trial Ct. Op. at 3, *citing* N.T., 6/25/18, at 32-34.

The trial court summarized the procedural history as follows. On June 25, 2018, the date set for trial, Appellant entered a negotiated guilty plea murder of the third degree and possessing an instrument of crime[2] (PIC). In exchange for this plea, the Commonwealth agreed to withdraw charges of first- and second-degree murder, both of which carried a mandatory life

---

[2] 18 Pa.C.S. § 907(a).

sentence without the possibility of parole. Trial Ct. Op. at 7, *citing* N.T., 6/25/18, at 53-54. On the same day, the trial court

> imposed concurrent sentences of 15 to 30 years['] incarceration for the third degree murder charge and 1 to 2 years['] incarceration for the PIC charge[.]
>
> Thereafter, [Appellant] filed a *pro se* motion to withdraw his guilty plea, [docketed on July 11, 2018,] in which he claimed that his plea counsel, James Lammendola, Esquire [(Plea Counsel)], was ineffective. [Plea Counsel] subsequently filed a motion to withdraw as counsel, which the [c]ourt granted on July 26, 2018.
>
> Thereafter, Lee Mandell, Esquire was appointed as counsel. On June 13, 2019, due to irreconcilable differences between [Appellant] and Mr. Mandell, the [c]ourt relieved Mr. Mandell from representing [Appellant]. On June 14, 2019, while [Appellant's *pro se*] motion to withdraw his guilty plea was still pending before the Court, [Appellant] filed a *pro se* petition under the Post Conviction Relief Act[3] ("PCRA"), again claiming that [Plea Counsel] was ineffective.
>
> On June 19, 2019, [Appeal Counsel] was appointed to represent [Appellant]. At a hearing held on September 27, 2019, [Appeal Counsel] withdrew the PCRA petition, and elected to proceed on the pending motion to withdraw the guilty plea. Although the motion had been filed with the [c]ourt more than 10 days after sentencing, and was therefore untimely, **see** Pa.R.Crim.P. 720(A)(1), the [c]ourt granted counsel's request to accept the motion as timely filed *nunc pro tunc*, since [Appellant] had attempted to withdraw the plea within the 10 day period by writing to the District Attorney's Office.[4 N.T., 9/27/19, at 11.]

---

[3] 42 Pa.C.S. §§ 9541-9546.

[4] As Appellant was sentenced on June 25, 2018, he had 10 days, or until July **5th**, to file a motion to withdraw his plea. **See** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i) (written post-sentence motion to withdraw plea shall be filed no later than 10 days after imposition of sentence). This Court noted, however, that Appellant's envelope to the trial court bore a postal service cancellation date of July **6th**. Thus, this Court issued a rule to show cause on November

At the hearing, [Appellant] contended that his plea was involuntary since [Plea Counsel] was not prepared for trial and had not conducted an adequate investigation. [N.T. 9/27/19, at 10-11.] At the conclusion of the hearing, the [c]ourt denied [Appellant]'s motion to withdraw his guilty plea.

[Appeal Counsel] filed a Notice of Appeal on [Appellant]'s behalf on September 27, 2019. On October 5, 2019, [Appeal Counsel] filed a statement of intent to file a brief pursuant to **Anders** . . . and [**Santiago**], on the ground that an appeal would be wholly frivolous[. **See**] Pa.R.A.P. 1925(c)(4) (authorizing counsel to file a statement of intent to file an **Anders**/**Santiago** brief if there are no arguably meritorious issues for review).

Trial Ct. Op. at 1-2 (paragraph break added). Appellant has not filed a *pro se* brief or retained new counsel for this appeal.

As stated above, Appeal Counsel has filed with this Court an **Anders** brief and petition to withdraw from representation. This Court cannot address the merits of issues raised on appeal without first reviewing a request to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). To withdraw from representation on appeal,

[c]ounsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record,

---

25, 2019, why the appeal should not be quashed pursuant to **Commonwealth v. Capaldi**, 112 A.3d 1242 (Pa. Super. 2015) (trial court must expressly grant permission to file post-sentence motion *nunc pro tunc* within 30 days of sentencing). Order, 11/25/19. Appeal Counsel filed a response, stating the *pro se* motion should be deemed timely filed under the prisoner mailbox rule. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (under prisoner mailbox rule, *pro se* filing by incarcerated defendant will be deemed filed on date he deposited it with prison authorities **or** placed it in prison mailbox). On December 4, 2019, this Court discharged our rule to show cause.

counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.*

Here, Appeal Counsel's ***Anders*** brief states he made a conscientious review of the record and concluded that there are no non-frivolous issues. ***Anders*** Brief at 7, 11. Appeal Counsel further states he notified Appellant that he was seeking to withdraw from representing him, furnished Appellant with copies of his petition to withdraw, ***Anders*** brief and Pa.R.A.P. 1925(c)(4) statement, and informed Appellant of his right to retain new counsel or proceed *pro se* to raise any issues he believes this Court should consider. Thus, Appeal Counsel has satisfied the procedural requirements of ***Anders***. *See Cartrette*, 83 A.3d at 1032.

Next, we consider whether Appeal Counsel's ***Anders*** brief meets the substantive requirements of ***Santiago***:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*See Cartrette*, 83 A.3d at 1032.

Instantly, Appeal Counsel provides the procedural history and facts of the case. Additionally, he states Appellant wishes to challenge the voluntariness of his guilty plea, but Appeal Counsel concludes that the issue is wholly frivolous. *Anders* Brief at 8-9. In support, Appeal Counsel explains the trial court conducted a thorough colloquy explaining the maximum sentence; and Appellant admitted to the underlying facts, signed a written colloquy form, and stated his plea was not forced. Counsel concludes there is no manifest injustice associated with the trial court's ruling not to allow Appellant to withdraw his guilty plea. *Id.* at 8, 9-11. Thus, Appeal Counsel has complied with the substantive requirements of *Santiago*. *See Cartrette*, 83 A.3d at 1032.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted).

Here, Appellant claims his plea was unknowing and involuntary. *Anders* Brief at 8. Appeal Counsel explains that Appellant claims his confession was coerced by a corrupt Philadelphia Police detective, James Pitt, and his plea was involuntary "because [P]lea [C]ounsel had not properly subpoenaed a known witness and City of Philadelphia files on Detective Pitts." *Id.* Appellant

further contends he is innocent of, and had no motive to commit, the underlying crimes. *Id.*

This Court has stated:

Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." . . .

*Commonwealth v. Pollard*, 832 A.2d 517, 522 (Pa. Super. 2003) (citations omitted).

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. [A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

"Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." "[W]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established." Thus,

> [a] court accepting a defendant's guilty plea is required to conduct an on-the-record inquiry during the plea colloquy. The colloquy must inquire into the following areas:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. Rush*, 909 A.2d 805, 808-09 (Pa. Super. 2006) (citations omitted).

Addressing Appellant's claims regarding Detective Pitts, the trial court reasoned:

> [T]he record refutes [Appellant]'s claim that he was forced into entering his guilty plea. [N.T., 9/27/19 at 52.] At the hearing on the motion to withdraw [Appellant]'s guilty plea, [Appellant] testified that Detective Pitts . . . threatened to arrest [Appellant]'s girlfriend and take away their children unless [Appellant] confessed to the crime. [*Id.* at 13. Appellant] also claimed that when his girlfriend was brought into the interrogation room, she told him that Detective Pitts had made the same threat to her unless she gave a statement against [Appellant. *Id.* at 14, 21.] Further, [Appellant] testified that a witness named Derrick Alexander would testify that he was in the second floor of the home during the fire and that he believed another individual set fire to the home because he and this individual had been in multiple arguments. [*Id.* at 35-36, 43.] According to [Appellant], on the day of his guilty plea, [Plea Counsel] told him that he could not win the case and that he was not prepared to mount a defense at trial because he did not have any information on Detective Pitts

- 8 -

and was not able to contact any witnesses. [*Id.* at 15-16. Appellant] claimed that he did not want [Plea Counsel] to continue to represent him. [*Id.* at 16.] According to [Appellant], he felt forced to enter into the guilty plea so that he could then file a PCRA petition, claim [Plea Counsel] was ineffective, withdraw his guilty plea, and then get another attorney appointed to represent him. [*Id.* at 16-18.]

Trial Ct. Op. at 5. The trial court, however, found Appellant's claims meritless.

The court summarized that when it

first attempted to conduct a guilty plea colloquy[, Appellant] stated that he was going to reject the offer since he did not have adequate time to discuss it with his family, but asked the [c]ourt for some additional time to speak with [Plea C]ounsel. [N.T., 6/25/18, at 15-18.] After that, he once again expressed a desire to plead guilty, but again changed his mind during the colloquy. [*Id.* at 36-37.] At that time, the [c]ourt advised [Appellant] that the trial would go forward and argument was heard on pretrial motions. [*Id.* at 37-49.] However, after returning from a one hour lunch break, [Appellant] informed the [c]ourt that he did in fact wish to plead guilty. [*Id.* at 49-50.] The [c]ourt did not pressure [Appellant] to [plead.]

*Id.* at 6.

We further note the following exchange:

**THE COURT**: . . . [T]he reason that we're going through this discussion . . . which we call a colloquy, is so that I can be sure before I accept your plea that you're doing so voluntarily. And if I don't believe that it's voluntarily tendered, I won't accept it. So it's very unlikely after having a colloquy like this that you would get anywhere with a higher court on that ground. Do you understand that, sir?

[**Appellant**]: Yes, sir.

\*    \*    \*

**THE COURT**: [J]ust so there's no confusion, I know that an hour and a half ago you decided you didn't want the deal, you have changed your mind now and want the deal. If you go

forward — and in a minute here I'm going to tell my crier to go ahead and arraign you. And once I do that and you say guilty, okay, at that point you would have pleaded guilty, you're not going to have a trial, we're going to go forward to sentencing, you won't be able to come back at a later time and say, you know, I change my mind again, now I want to have my trial. If you feel like that, now is the time you have to tell me. If you tell me that now, I'll allow you to go forward with motions and have your trial.

Do you want to go forward and plead guilty at this time?

[**Appellant**]: Yes, sir.

N.T., 6/25/18, at 22-23, 55-56.

After reviewing the trial court's opinion and the certified record, we conclude Appellant has not established manifest injustice justifying the withdrawal of his guilty plea. **See Pollard**, 832 A.2d at 522. Thus, the record establishes that Appellant knowingly and voluntarily entered his guilty plea, and we discern no non-frivolous issue that Appellant could raise on appeal. **See Wimbush**, 951 A.2d at 382; **Rush**, 909 A.2d at 808-09.

For the above-stated reasons, we grant Appeal Counsel's petition to withdraw, and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.


Judge Colins joins the memorandum.

Judge Shogan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2020