J-S09034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ULYSSES JAVIER CORTES | : | |
| | : | |
| Appellant | : | No. 1237 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 13, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003244-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ULYSSES JAVIER CORTES | : | |
| | : | |
| Appellant | : | No. 1322 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 13, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0004172-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ULYSSES JAVIER CORTES | : | |
| | : | |
| Appellant | : | No. 1326 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 13, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003243-2021

BEFORE:  PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED JUNE 20, 2024**

Ulysses Javier Cortes ("Cortes") appeals from the judgments of sentence imposed by the Lehigh County Court of Common Pleas ("trial court") following the revocation of his parole in three separate cases.[1]  On appeal, Cortes' appellate counsel, Attorney Michael E. Brunnabend ("Counsel") has filed an application to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Upon review, we grant Counsel's petition to withdraw and affirm Cortes' judgments of sentence.

The record reflects that, in November 2018, Cortes was charged with multiple crimes at criminal docket number CP-39-CR-0004172-2018 ("Docket 1").  He entered a negotiated guilty plea to robbery[2], and on March 19, 2019, the trial court sentenced him to eleven and one-half to twenty-three months of incarceration in county jail, followed by two years of probation.

In November 2021, Cortes was charged with multiple crimes in two related cases.  At docket number CP-39-CR-0003243-2021 ("Docket 2"), Cortes entered a negotiated guilty plea to harassment,[3] and at docket number CP-39-CR-0003244-2021 ("Docket 3"), he entered a negotiated guilty plea to

---

[1]  This Court sua sponte consolidated the appeals on June 27, 2023.

[2]  18 Pa.C.S. § 3701(a)(1)(iv).

[3]  18 Pa.C.S. § 2709(a)(4).

theft by unlawful taking.[4]  On April 7, 2022, the trial court sentenced Cortes at Docket 3 to time served to twenty-four months less one day of incarceration in county jail, followed by twelve months of probation, to run concurrently with the sentence of time served to twelve months of incarceration in county jail imposed at Docket 2.

Because Cortes' negotiated guilty pleas at Dockets 2 and 3 violated his sentence of probation entered at Docket 1, on April 7, 2022, the trial court revoked his probation and resentenced him at Docket 1 to time served to twenty-four months less one day of incarceration in county jail, to run concurrently with the sentences imposed at Dockets 2 and 3.  The trial court granted Cortes immediate parole at all three dockets.

In November 2022, Cortes was charged with multiple crimes at docket number CP-39-CR-0003138-2022 ("Docket 4").  On January 24, 2023, Cortes entered a negotiated guilty plea to aggravated assault.[5]  On April 13, 2023, the trial court sentenced Cortes to three to ten years of state incarceration at Docket 4.  On the same date, the trial court held **Gagnon II**[6] hearings at Dockets 1 through 3.  Cortes conceded he violated his parole at those dockets, based on his new conviction at Docket 4.  The trial court revoked Cortes' parole

_____

[4]  18 Pa.C.S. § 3921(a).

[5]  18 Pa.C.S. § 2702(a)(4).

[6]  **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

at each of the three dockets; remanded him to serve the balance of the sentences previously imposed at each docket, to run concurrently with each other, but consecutively to the three-to-ten-year sentence imposed at Docket 4; and ordered the twelve months of probation imposed at Docket 3 to remain in effect.

Cortes filed post-sentence motions nunc pro tunc, with leave of court, seeking reconsideration of his sentences at the three recommitment dockets. The trial court denied Cortes' motions. Thereafter, Cortes filed timely notices of appeal.

Before this Court on appeal, Counsel has filed an **Anders** brief and petition to withdraw as counsel. When faced with an **Anders** brief, we may not review the merits of the underlying issues or allow withdrawal without first deciding whether counsel has complied with all requirements set forth in **Anders** and **Santiago**. **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008). There are mandates that counsel seeking to withdraw pursuant to **Anders** must follow, which arise because a criminal defendant has a constitutional right to a direct appeal and to be represented by counsel for the pendency of that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any

other issues necessary for the effective appellate presentation thereof.

> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with ***Anders*** or file an advocate's brief on [a]ppellant's behalf).

***Id.*** (citations omitted).

Additionally, ***Santiago*** sets forth precisely what an ***Anders*** brief must contain:

> [T]he ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings to determine whether there are any other non-frivolous issues that the appellant could raise on appeal. ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, we conclude that Counsel has complied with the requirements outlined above.[7] Counsel has filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. Amended Petition to Withdraw as Counsel, 3/28/2024. In conformance with ***Santiago***, Counsel's brief includes summaries of the history of the cases and discusses the issues he believes might arguably support Cortes' appeal. ***See Anders*** Brief at 6-14. Counsel's brief further sets forth his conclusion that the appeal is frivolous and includes discussion of, and citation to, legal authority. ***Id.*** Finally, Counsel attached to his petition to withdraw the letter he sent to Cortes, which enclosed Counsel's petition and ***Anders*** brief. Petition to Withdraw as Counsel, 3/28/2024, Ex. A. Counsel's letter advised Cortes of his right to proceed pro se or with private counsel, and to raise any additional issues that he deems worthy of this Court's consideration. ***Id.*** Because Counsel has complied with the procedural requirements for withdrawing from

_____

[7] This is the second time Counsel's request to withdraw is before this Court. On March 20, 2024, we denied Counsel's application to withdraw because in his letter to Cortes explaining his application to withdraw, Counsel incorrectly informed Cortes that he could proceed with the appeal by "obtain[ing] counsel of your own choosing, **or request[ing] the appointment of counsel from the Superior Court or the local Court** should you feel that there is a reason for the same." Letter, 10/26/23, at 2-3 (unnumbered) (emphasis added). We instructed Counsel to cure the defect in compliance with the technical mandates of ***Anders***/***Santiago***. ***See Commonwealth v. Cortes***, 1237, 1322, 1326 EDA 2023, 2024 WL 1191621 (Pa. Super. filed Mar. 20, 2024) (non-precedential decision). Counsel complied and filed an amended petition to withdraw as counsel with this Court on March 28, 2024.

representation, we turn our attention to the issues Counsel raised in the *Anders* brief.

Cortes argues that trial court abused its discretion in imposing a manifestly excessive and unreasonable sentence, failing to fully consider mitigating evidence, and ordering the sentence at Docket 4 to run consecutively to the parole violation sentences. *Anders* Brief at 4, 7-14.

We begin by noting that Cortes' discretionary sentencing challenges appear to be directed to the sentence imposed at Docket 4,[8] which is not the subject of the instant consolidated appeal of Cortes' recommitment sentences. *See id.* at 7, 10. In fact,

> a parole revocation does not involve the imposition of a new sentence. Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled.

*Commonwealth v. Kalichak*, 943 A.2d 285, 290 (Pa. Super. 2008) (citations and footnote omitted).

> [A] defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation appeal. Similarly, it is inappropriate for a parole-revocation appellant to challenge the sentence by arguing that the court failed to consider mitigating factors or failed to place reasons for [the] sentence on the record. Challenges of those

_____

[8] Cortes' appeal of his judgment of sentence as to Docket 4 is docketed in this Court at 1387 EDA 2023.

types [ ] implicate the discretionary aspects of the underlying sentence[.]

*Id.* at 291 (citations omitted).

Therefore, to the extent Cortes is attempting to raise discretionary sentencing claims related to his parole revocation sentences, we cannot review them and any attempt to assert such a claim here would be frivolous.

We further observe that "[f]ollowing parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement." *Id.* (citation omitted). Once the Commonwealth proves the parole violation by a preponderance of the evidence, it is within the trial court's discretion whether to revoke parole. *Id.* A "conviction for a new crime is a legally sufficient basis to revoke parole." *Id.* (citation omitted).

Here, Cortes does not dispute that he was convicted of a new crime, i.e., his negotiated guilty plea to aggravated assault at Docket 4, and the record reflects that he conceded that this constituted a violation of his parole. *See* N.T., 4/13/2023, at 14, 18 (*Gagnon II* hearings); *see also Anders* Brief at 6, 10. We therefore discern no error or abuse of discretion by the trial court

in its decision to revoke parole at Dockets 1 through 3 and recommit Cortes, and find, based on the record, that such a claim would be frivolous on appeal.[9]

Our independent review of the record reveals no other non-frivolous issues that Cortes could raise on appeal. *See Dempster*, 187 A.3d at 272. We therefore grant Counsel's petition to withdraw and affirm Cortes' judgments of sentence.

Petition to withdraw granted. Judgments of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/20/2024

---

[9] Counsel does not raise this claim. As stated above, the sole claims he raises in his *Anders* brief sounds in the discretionary aspects of sentencing, which are not cognizable in this matter. We note, with strong disapproval, that the brief for this appeal is identical to the brief Counsel filed addressing Cortes' appeal at Docket 4. *Compare generally Anders* Brief, *with* 1387 EDA 2023 Brief. Nonetheless, as we conclude that there are no non-frivolous claims that could be raised in this matter, we need not remand the case for the trial court to appoint new counsel.