J-S48021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN JAMALL BYRD | : | |
| | : | |
| Appellant | : | No. 1445 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 7, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003599-2023

BEFORE: STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY NICHOLS, J.: **FILED FEBRUARY 19, 2025**

Appellant Justin Jamall Byrd appeals the judgment of sentence imposed after he pled guilty to forgery and bad checks.[1] Appellant's counsel, Scott J. Werner, Jr., Esq., (Appellate Counsel) has filed a petition to withdraw and an **Anders**/**Santiago**[2] brief. After review, we grant Appellate Counsel's petition to withdraw and affirm the judgment of sentence.

We state the facts as set forth at Appellant's guilty plea hearing:

On April 21st of 2023, [Appellant] forged the name of Anne Diteodoro on a check owned by her and attempted to cash it in the amount of $2,500. [Appellant] was interviewed by Officer [Andrew] Manko afterwards and admitted to the forgery and acknowledged it was wrong. [Appellant] had come into possession of the check, which he shortly thereafter forged[ the

_____

[1] 18 Pa.C.S. §§ 4101(a)(2), and 4105(a)(1), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). **See also** footnote 3.

endorsement,] at or around . . . West Chester, PA, Chester County.

N.T., 5/7/24, at 3.

On May 7, 2024, Appellant entered a guilty plea to one count of forgery, graded as a felony of the third degree, and one count of bad checks, graded as misdemeanor of the first degree. That same day, the trial court sentenced Appellant to a term of two years' probation for forgery and a consecutive term of one year of non-reporting probation for bad checks. **See id.** at 4. Alexander Silow, Esq. (Plea Counsel) represented Appellant at the guilty plea hearing.

Appellant did not file any post-sentence motions. However, Appellant filed a timely *pro se* notice of appeal on May 15, 2024. The trial court subsequently appointed Appellate Counsel to represent Appellant. On August 22, 2024, Appellate Counsel filed a Pa.R.A.P. 1925(c)(4) statement indicating his intent to file "an **Anders**/**McClendon** brief."[3] Rule 1925(c)(4) Statement, 8/22/24. The trial court subsequently issued a Rule 1925(a) opinion acknowledging that Appellate Counsel intended to withdraw pursuant to

---

[3] **See Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981). We note that in 2019, our Supreme Court amended Rule 1925(c)(4) to replace all references to **McClendon** with **Santiago**. **See** Pa.R.A.P. 1925(c)(4) (eff. Oct. 1, 2019). Therefore, we hereafter refer to Appellate Counsel's brief as an **Anders**/**Santiago** brief. Further, as explained below, we conclude that Appellate Counsel has complied with the technical requirements to withdraw under **Anders**/**Santiago**.

*Anders* and stating that after reviewing the record, it did not find any issues that would entitle Appellant to relief. *See* Trial Ct. Op., 8/29/24, at 1.

Appellate Counsel identified the following issue for our review: "Are there any non-frivolous issues preserved on appeal?" *Anders*/*Santiago* Brief at 7 (some formatting altered).

"When faced with a purported *Anders*[/*Santiago*] brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In an *Anders*/*Santiago* brief, counsel must set forth the issues that the defendant wishes to raise and any other claims necessary to effectuate appellate presentation of those issues. *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005).

Additionally, counsel must file a brief that meets the requirements established in *Santiago*, namely:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Goodwin*, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); *accord Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Appellate Counsel has complied with the procedural requirements for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter notifying Appellant of his intent to withdraw, explaining his appellate rights, informing Appellant of his right to proceed *pro se* or with private counsel, and supplying Appellant with a copy of the *Anders*/*Santiago* brief. *See Goodwin*, 928 A.2d at 290. Appellate Counsel also provided this Court with a copy of his letter to Appellant informing him of his rights. Moreover, Appellate Counsel's *Anders*/*Santiago* brief complies with the requirements

of **Santiago**. Appellate Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claim, and sets forth the conclusion that the appeal is frivolous. **See Santiago**, 978 A.2d at 361. Accordingly, we conclude that Appellate Counsel has met the technical requirements of **Anders** and **Santiago**, and we will proceed to address the issue presented in Appellate Counsel's **Anders**/**Santiago** brief.

The sole issue identified by Appellate Counsel is Appellant's claim that Plea Counsel was ineffective because Plea Counsel did not communicate with Appellant about and/or misled Appellant regarding the terms of the plea agreement. **Anders**/**Santiago** Brief at 12. Appellate Counsel explains that because generally claims of ineffective assistance of counsel are to be deferred to review under the Post Conviction Relief Act[4] (PCRA), this claim is frivolous on direct appeal. **Id.** at 12-16.

Our Supreme Court has explained that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." **Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002). Our Supreme Court has recognized three exceptions to this general rule. **See Commonwealth v. Holmes**, 79 A.3d 562, 577-80 (Pa. 2013); **Commonwealth v. Delgros**, 183 A.3d 352, 361 (Pa. 2018). The first exception applies to extraordinary circumstances, when a "trial court, in the

_____

[4] 42 Pa.C.S. §§ 9541-9546.

exercise of its discretion, determines that a claim [] of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted." ***Holmes***, 79 A.3d at 577. The second exception addresses "multiple and fairly common ineffectiveness claims," which are accompanied by the defendant's "knowing, voluntary, and express waiver of PCRA review." ***Id.*** at 577-78, 580. The third exception requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." ***Delgros***, 183 A.3d at 361.

To qualify for any of these exceptions an appellant must first raise his ineffectiveness claims before the trial court, as the trial court must have an opportunity to review such a claim, and the parties must have an opportunity to fully develop the record. ***See Delgros***, 183 A.3d at 360-62; ***Holmes***, 79 A.3d at 576; ***see also Commonwealth v. Bomar***, 826 A.2d 831, 854-55 (Pa. 2003) (recognizing an exception allowing ineffective assistance of counsel claims to be heard on direct appeal where "the claims have been raised and fully developed at a hearing in the trial court," and cautioning that lack of a trial court opinion addressing such a claim "poses a 'substantial impediment to meaningful and effective appellate review'" and "oblige[s] the appellate courts to consider matters not of record, a function that appellate courts normally do not perform[,]" *i.e.*, "to engage in fact-finding in the form of speculation concerning the strategy counsel pursued at trial, a function that [appellate courts] were ill-suited to assume" (citation omitted)).

Here, Appellant did not file any post-sentence motions raising either of the exceptions that our Supreme Court recognized in **Holmes**. **See Holmes**, 79 A.3d at 563-64, 577-80. Further, Appellant did not expressly waive his right to PCRA review. **See id.** at 564, 580. Lastly, Appellant is not statutorily barred from seeking PCRA relief. **Cf. Delgros**, 183 A.3d at 361 (concluding that the defendant was statutorily precluded from seeking review under the PCRA because he had only been sentenced to pay a fine). For these reasons, we conclude that none of the exceptions apply, and Appellant's ineffectiveness claim cannot be considered on direct appeal. **See Grant**, 813 A.2d at 738. Accordingly, we dismiss Appellant's claim of ineffective assistance of counsel without prejudice to Appellant's right to raise it in a timely petition under the PCRA.

Additionally, our independent review of the record does not reveal any additional, non-frivolous issues. **See Flowers**, 113 A.3d at 1250; **see also Goodwin**, 928 A.2d at 291. Accordingly, we grant Appellate Counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Counsel's petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/18/2025

- 7 -